422 S.E.2d 524

**John Calvin BAYLES, Petitioner,**

**v.**

**Jerry C. HEDRICK, Warden, West Virginia Penitentiary, Respondent.**

**No. 21136.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 9, 1992.

Decided Oct. 9, 1992.

Elizabeth A. Pyles, Pyles & Auvil, Parkersburg, for petitioner.

Annette L. Fantasia, Asst. Pros. Atty., Parkersburg, for Wood County Pros. Atty.

PER CURIAM:

In this case, we are presented with two certified questions. The first raises the issue of whether the office of the Wood County Prosecuting Attorney is disqualified from representing the State in a habeas corpus proceeding instituted by the petitioner by virtue of the fact that the prosecuting attorney and one of his assistants were formerly employed by the law firm which represented the petitioner at his criminal trial. The second certified question concerns whether the petitioner's appointed counsel is disqualified from representing him in the habeas corpus proceeding by virtue of her former employment by the prosecuting attorney's office.

I.

The facts are taken from a stipulation agreed to by the parties. The petitioner was convicted of first degree murder without a recommendation of mercy in the Circuit Court of Wood County in 1976 and was sentenced to life imprisonment without possibility of parole. Robert W. Friend, Esquire, represented the petitioner at trial and pursued an appeal of the conviction and sentence to this Court on the petition-

er's behalf. By order of this Court dated December 5, 1977, the petition for appeal was refused.

The petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Wood County in January of 1989. The petition raised several grounds of trial error, which had been previously raised in the 1977 petition for appeal to this Court, and a claim of ineffective assistance of counsel. Elizabeth A. Pyles, a Parkersburg attorney, was appointed to represent the petitioner in the habeas proceeding.

At some point in the proceedings, Ms. Pyles apparently moved to disqualify the prosecutor's office from representing the State in the habeas proceeding on the ground that the prosecuting attorney, Jeffrey B. Reed, and one of his assistant prosecutors, Darren Tallman, had previously worked in Mr. Friend's law firm. The stipulation of the parties indicates that Mr. Reed was associated with the law firm from June, 1984, through March, 1986, and may, at some point, have been a partner in the firm. Mr. Tallman was associated with Mr. Friend's practice from May of 1986 through 1987. By the time Mr. Reed and Mr. Tallman became associated with the firm, Mr. Friend no longer represented the petitioner. Mr. Reed admits, however, that he reviewed photographs contained in Mr. Friend's file of the petitioner's case for research in another case on the issue of gruesome photographs. Mr. Tallman admits that he read the transcript of the petitioner's trial contained in Mr. Friend's file and discussed the case with Mr. Friend. Mr. Tallman has not participated in the habeas proceeding below.

Sometime after Ms. Pyles filed the disqualification motion, the prosecuting attorney's office apparently filed a motion to disqualify Ms. Pyles from representing the petitioner on the ground that she had previously worked for the prosecutor's office. The parties' stipulation shows that the prosecuting attorney who obtained the petitioner's original criminal conviction left office on December 31, 1976. Ms. Pyles was employed as an assistant prosecuting attorney in Wood County from May, 1979,

through June, 1985. Although the files concerning the petitioner's case were available for her inspection, Ms. Pyles asserts that she never reviewed the petitioner's file while working for the prosecuting attorney's office and had no personal knowledge of where the file was located.

On October 7, 1971, the Circuit Court of Wood County, upon agreement of Mr. Reed and Ms. Pyles, certified to this Court the following questions:

"1. Is the office of the Wood County Prosecutor disqualified from participation in the above-styled writ of habeas corpus by virtue of the past employment of Prosecutor Reed and Assistant Prosecutor Tallman by Robert W. Friend, trial counsel for petitioner, when neither Reed nor Tallman were employed by Friend during his representation of petitioner but when Reed and Tallman had access to petitioner's file during their employment with Friend?

"2. Is Elizabeth A. Pyles disqualified from representation of petitioner when she was previously employed by the Wood County Prosecutor's Office under a different prosecutor than the prosecutor who tried petitioner?"

The lower court answered both questions in the negative.

## II.

■ In Syllabus Point 1 of *Nicholas v. Sammons,* 178 W.Va. 631, 363 S.E.2d 516 (1987), we stated:

"Prosecutorial disqualification can be divided into two major categories. The first is where the prosecutor has had some attorney-client relationship with the parties involved whereby he obtained privileged information that may be adverse to the defendant's interest in regard to the pending criminal charges. A second category is where the prosecutor has some direct personal interest arising from animosity, a financial interest, kinship, or close friendship such that his objectivity and impartiality are called into question."

The alleged disqualification of Mr. Reed and Mr. Tallman falls within the first cate-

gory listed in *Nicholas, supra.* It is contended that their association with Mr. Friend's law firm and access to his files on the petitioner's case create a conflict of interest which is adverse to the petitioner.

We discussed this issue at length in *State v. Britton,* 157 W.Va. 711, 203 S.E.2d 462 (1974). In *Britton,* the defendant had personally, and without the assistance of his retained counsel, approached the prosecuting attorney to discuss criminal charges pending against him. In the course of the ensuing conversations, the prosecutor advised the defendant to enter a plea of guilty or nolo contendere to the charge. The defendant protested his innocence and allegedly volunteered information as to how he intended to prove it. At trial, the court overruled the defendant's motion to disqualify the prosecuting attorney for conflict of interest.

We initially recognized in *Britton* that concomitant with the prosecutor's duty to convict is his duty to insure justice for those who are prosecuted. An aspect of this latter duty is the obligation to see "that no unfair advantage is taken of the accused." 157 W.Va. at 715–16, 203 S.E.2d at 466. In Syllabus Point 5 of *Britton,* we held:

"A prosecuting attorney should recuse himself from a criminal case if, by reason of his professional relations with the accused, he has acquired any knowledge of facts upon which the prosecution is predicated or closely related, though the consultations had with the accused were gratuitous and done in good faith."

We concluded that the trial court committed reversible error in not disqualifying the prosecutor because it was not certain that the information provided by the defendant did not give the prosecutor a possible advantage over the defense which contributed to the defendant's conviction.

We applied the principles enunciated in *Britton* in *State ex rel. Moran v. Ziegler,* 161 W.Va. 609, 244 S.E.2d 550 (1978). In *Moran,* the defendant sought out an attorney to represent him with regard to a shooting which resulted in the death of one person and the wounding of another. Although the attorney did not ultimately undertake representation of the defendant, it was alleged that during the initial discussion, the defendant revealed details of the crime to him. The attorney was later hired to prosecute the case as a private prosecutor. In the Syllabus of *Moran,* we stated:

"A lawyer's initial contact with an accused who seeks to retain the lawyer for his defense may give rise to the appearance of a conflict of interest when the same lawyer later appears as a private prosecuting attorney in the criminal prosecution of the accused for the same offense; such appearance of a conflict of interest is ground for the disqualification of the private prosecuting attorney upon timely motion by the accused."

We concluded that the prosecutor's discussions with the accused gave rise to the appearance of a conflict of interest and held that the prosecutor should be disqualified.

We do not believe a comparable showing has been made here. There is no evidence that anyone in the prosecutor's office worked for Mr. Friend when he was representing the petitioner or had any discussions with the petitioner during which confidential or adverse information was exchanged. Mr. Reed did not become associated with Mr. Friend's law practice until over six years after the petition for appeal was refused by this Court. Mr. Tallman did not become associated with Mr. Friend until approximately two years later. Mr. Reed and Mr. Tallman left Mr. Friend's office in 1986 and 1987, respectively, long before the habeas corpus matter arose.

Moreover, although both Mr. Reed and Mr. Tallman looked at Mr. Friend's file on the petitioner's case, the photographs viewed by Mr. Reed and the trial transcript read by Mr. Tallman were matters of public record. Mr. Reed and Mr. Tallman could have obtained the same information by searching the criminal file located in the circuit clerk's office. There is no allegation, as there was in *Britton* and *Moran,* that either prosecutor acquired information adverse to the petitioner by looking

**51**

through the file in Mr. Friend's office or by discussing the case with Mr. Friend.

█ With regard to petitioner's current counsel, Ms. Pyles, the connection is even more tenuous. She was associated with the prosecutor's office from 1979 to 1985. She had nothing to do with the petitioner's criminal trial or appeal and never examined the prosecutor's file.

Finally, we emphasize that the grounds raised in the habeas petition do not appear to involve factual matters outside of the official record except as to the claim of ineffective assistance of counsel. In this area, we have recognized that an independent record must be developed. *See State v. Wickline*, 184 W.Va. 12, 399 S.E.2d 42 (1990); *State v. England*, 180 W.Va. 342, 376 S.E.2d 548 (1988). Such a claim would be directed at Mr. Friend's performance at trial and/or on appeal. As earlier noted, none of the attorneys appearing in the habeas proceeding were associated with either the prosecution or the defense at the time of the petitioner's trial or appeal.

We note that in a *pro se* brief filed with this Court, the petitioner has protested the certification proceeding on the ground that it will delay resolution of his case. The petitioner states that he "has confidence that the past and present complement of state's attorney[s], and petitioner's attorney is sufficient and adequate to render a fair and equitable adjudication of the issues raised in petitioner's habeas corpus petition." Consequently, it appears that the petitioner himself is willing to waive any objection to the appearance of the prosecuting attorney and of his own counsel in the habeas proceedings below.

█ Accordingly, we conclude that there is insufficient evidence before us to warrant disqualifying the prosecuting attorney and his assistants from appearing in the proceedings below. The same is true as to defense counsel.* On remand, the circuit court should conduct an inquiry, on the record, to determine whether the petitioner, after consulting with counsel, desires to make a knowing and intelligent waiver of any right he may have to object to the appearance of the prosecuting attorney's office in the habeas proceeding on behalf of the State. Obviously, the presentation of further relevant facts concerning the nature of the information in Mr. Friend's files may alter the circuit court's disposition of this matter.

### III.

The certified questions having been answered, this case is remanded.

Answered and dismissed.

---

* We take this opportunity, however, to caution the State that motions to disqualify defense counsel in criminal proceedings are not to be used to harass, intimidate, or retaliate against the defense. *See Garlow v. Zakaib*, 186 W.Va. 457, 413 S.E.2d 112 (1991).